DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss on the ground that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(2). The court held a hearing on the motion March 9, 2011, at 2:15 p.m. Pamela McQuillan (McQuillan) appeared for Plaintiffs. Faith Derickson appeared for Defendant.
A review of Plaintiffs' materials shows that Defendant mailed Plaintiffs a Notice of Deficiency Assessment for the 2009 tax year on July 9, 2010. Plaintiffs filed their Complaint with this court on October 27, 2011. That interval is longer than the 90 days required by ORS 305.280(2), [1] which provides:
 "An appeal under ORS 323.416 or ORS 323.623 from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
Plaintiffs' 90-day appeal deadline was October 7, 2011. McQuillan contended during the March 9, 2011, proceeding that she had initiated the process in a timely manner but that the documents she sent to the court were returned because she was lacking an "affidavit." Plaintiffs' Complaint is dated October 8, 2011, and the envelope initially containing that document was *Page 2 
postmarked that same day. The Complaint was stamped as received by the court October 13, 2010.
That initial filing was deficient in that it did not include either the required court fee or a completed fee waiver application.[2]
Accordingly, the court returned to the Complaint and accompanying materials to Plaintiffs with a letter advising them of the deficiency. During the March 9, 2011, proceeding, McQuillan at least implied that the problem with the timing was due to a delay in the court's action handling her appeal. However, given that Plaintiffs' appeal deadline was October 7 and the Complaint was not signed and mailed until October 8, it is apparent that Plaintiffs are the ones who acted in an untimely fashion, waiting more than the 90 days allowed by statute to complete their appeal form (Complaint). Thus, whatever occurred after that date is largely irrelevant. Moreover, the court acted within one day of the date it received Plaintiffs' initial appeal documents. That can hardly be viewed as an untimely response from the court.
The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's Motion to Dismiss is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed. The Complaint is dismissed.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. *Page 3 
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon March 11, 2011. The Court filed and entered this documenton March 11, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] The "affidavit" McQuillan spoke of during the March 9, 2011, court proceeding is part of the application for fee waiver, and McQuillan apparently neglected to have that document notarized *Page 1